**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MYSTIC INDUSTRIES CORP. AND<br>JOHN R. MARTINEZ,<br>    Plaintiffs,<br><br>    v.<br><br>JCW INVESTMENTS, INC. D/B/A TEKKY TOYS<br>AND PAN ASIAN CREATIONS LTD.,<br>    Defendants. | CIVIL ACTION NO. _____<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

The Plaintiffs, Mystic Industries Corp. and John R. Martinez, hereby commence this action against the Defendants, JCW Investments, Inc. d/b/a Tekky Toys and Pan Asian Creations Ltd., seeking damages, injunctive relief, and an accounting, pleading patent infringement, inducement of infringement, and/or contributory patent infringement of Plaintiff Martinez's United States Patent No. 6,250,779 entitled Decorative Lights & Method.

*The Parties*

1) Plaintiff Mystic Industries Corp. (hereinafter "Mystic") is a Massachusetts Corporation with a principal place of business at 474 Main Street, Wakefield, Massachusetts. Mystic is the exclusive licensee of United States Patent No. 6,250,779. Mystic markets and distributes decorative lights pursuant to United States Patent No. 6,250,779 and has the authority to bring this suit.

2) Plaintiff John R. Martinez is an individual residing at 28701 Mount Hood Court, Rancho Palos Verdes, California. Mr. Martinez is the sole inventor and owner of United States Patent No. 6,250,779.

3) On information and belief, Defendant JCW Investments Inc. (hereinafter referred to as "JCW") is an Illinois Corporation with a principal place of business at 11415 West 183rd Place, Suite E, Orland Park, Illinois. JCW is doing business as Tekky Toys designing and distributing novelty products.

4) On information and belief, Defendant Pan Asian Creations Ltd. (hereinafter "Pan Asian") is a corporation apparently organized under the laws of the British Virgin Islands with addresses at GuanLan Research & Development Center ShenZhen Golf Club Intersection XiangXi Industrial Zone Pan Asian Building, GuanGuang Rd., Guan Lan, China and 2FL, No. 294, Sec. 1, Tun Hua S. Road, Taiwan.

*Jurisdiction and Venue*

6) This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code. Jurisdiction and venue are predicated upon United States Code, Title 28, §§ 1331, 1338, 1391(b) and (c) and 1400(b) and M.G.L. c. 223A, § 3.

*Facts*

7) Plaintiff Martinez legally and properly filed a United States Provisional Patent Application on October 13, 1998 and then a United States Utility Patent Application on August 30, 1999 directed to his invention for Decorative Lights & Method.

8) United States Patent No. 6,250,779 (hereinafter "the '779 patent"), entitled Decorative Lights & Method, a true and correct copy of which is appended as Exhibit A hereto, legally and regularly issued to Plaintiff Martinez on June 26, 2001.

9) Plaintiff Martinez is the sole inventor of the decorative lights and methods for using the same disclosed and protected by the '779 patent, and Plaintiff Martinez is the sole owner of all right, title, and interest thereto thereby establishing Plaintiff Martinez's right to exclude others from practicing the inventive method of the '779 patent and from making, using, offering to sell, selling, or importing into the United States any device within the scope of coverage provided by the '779 patent.

10) Plaintiff Mystic sells decorative lights according to the '779 patent in the United States and elsewhere as the exclusive licensee of Plaintiff Martinez.

11) Plaintiff Mystic has the authority to bring this action.

12) Since their invention by Plaintiff Martinez, decorative lights within the scope of the '779 patent have enjoyed widespread commercial success across the United States and throughout the world.

13) Defendant JCW marketed and sold and, on information and belief, does still market and sell decorative lights without permission from or compensation to the Plaintiffs.

14) Defendant JCW's accused decorative lights and/or the use thereof include each and every element of one or more claims of the '779 patent such that the lights plainly and literally infringe on the '779 patent and/or contribute to the infringement of the '779 patent by others.

15) On information and belief, the President of Defendant JCW has directed, ordered,

and controlled the manufacture, marketing, and sale of the infringing goods by Defendant JCW.

16)     Plaintiffs have provided express written notice of the '779 patent to Defendant JCW.

17)     On information and belief, Defendant JCW's sale of the accused decorative lights continue in Massachusetts and throughout the United States.

18)     On information and belief, Defendant Pan Asian marketed and sold and does market and sell decorative lights without permission from or compensation to the Plaintiffs.

19)     Defendant Pan Asian's accused decorative lights and/or the use thereof includes each and every element of one or more claims of the '779 patent such that the lights plainly and literally infringe on the '779 patent and/or contribute to the infringement of the '779 patent by others.

20)     On information and belief, the President of Defendant Pan Asian has directed, ordered, and controlled the manufacture, marketing, and sale of the infringing goods by Defendant Pan Asian.

21)     On information and belief, Defendant JCW's sale of the accused decorative lights continues in Massachusetts and throughout the United States.

*Count*
*Infringement of U.S. Patent No. 6,250,779*

22)     Plaintiffs incorporate by reference all allegations set forth in Paragraphs one (1) through twenty-one (21) of this Complaint.

23)     Plaintiff Martinez is the sole owner of all right, title, and interest in and to U.S. Patent No. 6,250,779, and Plaintiff Mystic has the authority to bring this suit.

24) Upon information and belief, Defendant JCW has been and now is directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '779 patent in the United States by, among other things, making, using, importing, offering for sale, and/or selling certain decorative lights that fall within the scope of protection afforded by the '779 patent in their structure and/or use in the United States in violation of 35 U.S.C. § 271.

25) Upon information and belief, Defendant Pan Asian has been and now is directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '779 patent in the United States by, among other things, making, using, importing, offering for sale, and/or selling certain decorative lights that fall within the scope of protection afforded by the '779 patent in their structure and/or use in the United States in violation of 35 U.S.C. § 271.

26) On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all decorative lights sold under the '779 patent have complied with such requirements.

27) To the extent that facts learned in discovery show that any of the Defendants' infringement of the '779 patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

28) As a result of Defendants' infringing activities, Plaintiffs have been and will be damaged whereby Plaintiffs are entitled to compensation from each Defendant pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified but that will be ascertained at trial.

29) Because the harm that Plaintiffs are incurring and will incur in the future is substantially impossible to determine with precision, Plaintiffs have no adequate remedy at law to

redress such future infringement, and Plaintiffs will suffer immediate and irreparable harm if the future infringement is not prevented. Accordingly, Plaintiffs, having a reasonable likelihood of success on the merits of this case, are entitled to injunctive relief as set forth in 35 U.S.C. § 283 to prevent further infringement by each Defendant.

### *Demand for Jury Trial*

Plaintiffs most respectfully demand a trial by jury on all issues so triable.

### *Prayers for Relief*

WHEREFORE, Plaintiffs claim damages and pray that judgment be entered in their favor against each Defendant, and that Plaintiffs be granted the following relief:

A) a holding that each Defendant has directly infringed, induced infringement of, and/or contributorily infringed U.S. Patent No. 6,250,779;

B) temporary, preliminary, and permanent injunctions enjoining each Defendant and their employees, agents, servants, representatives, and any persons or entities acting in privity or active concert with either Defendant from:

   i) further infringing, either directly, contributorily, or by way of inducement, U.S. Patent No. 6,250,779; and

   ii) using, marketing, selling, licensing, offering to sell, or otherwise distributing decorative lights with a structure or use within the scope of U.S. Patent No. 6,250,779;

C) an Order compelling each Defendant to deliver up for destruction all infringing goods within its possession;

D) an award of actual damages as determined by the Court and/or jury in this case;

E) an award of damages with respect to each Defendant, not less than a reasonable royalty, sufficient to compensate Plaintiffs for the respective Defendant's acts of infringement, inducement of infringement, and/or contributory infringement;

F) an award of amplified damages with respect to each Defendant pursuant to 35 U.S.C. § 284 in an amount of three times the damages caused by that Defendant should the infringement by that Defendant be found to be willful;

G) an award of attorneys' fees from each Defendant pursuant to 35 U.S.C. § 285;

H) an accounting of and the imposition of a constructive trust on all profits, proceeds, and other compensation received by each Defendants on its sales of infringing devices;

I) an award of pre-judgment, judgment, and post-judgment interest from each Defendant as allowed by law;

J) an award of all litigation costs and expenses incurred by Plaintiffs in connection with this controversy; and

K) such further relief as the Court deems fair and/or equitable in this case.

*Verification*

We, John R. Martinez and Mystic Industries Corp., Plaintiffs in the above-captioned action, do hereby depose and state under oath that we have read this Complaint and we do hereby certify

that each and every allegation contained herein is true and accurate and based upon our own personal knowledge, information and belief. To the extent this verification is based upon information and belief, we believe the information to be true and accurate.

Signed and sealed under the pains and penalties of perjury.

John R. Martinez

Mystic Industries Corp.

By: Andrew S. Marcus
Name: Andrew S. Marcus
Title: Vice President

Dated: 5/13/11

Respectfully submitted,

Plaintiffs, by their Attorney,

Thomas P. O'Connell
BBO # 567,644
O'Connell Law Office
tpo@oconnellusa.com
1026A Massachusetts Avenue
Arlington, MA 02476
Telephone: 781.643.1845
Facsimile: 781.643.1846