IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | | |
|---|---|---|
| MYSTIC INDUSTRIES CORP. AND JOHN R. MARTINEZ, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-11030-GAO |
| v. | ) ) | Honorable Judge George A. OToole, Jr. |
| JCW INVESTMENTS, INC. D/B/A TEKKY TOYS AND PAN ASIAN CREATIONS LTD., | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF
DEFENDANT JCW INVESTMENTS, INC. D/B/A TEKKY TOYS**

Defendant JCW Investments, Inc. d/b/a Tekky Toys ("Tekky Toys"), for its answer to the Complaint of Mystic Industries Corp. and John R. Martinez (collectively "Plaintiffs"), hereby answers as follows:

**ANSWER**

**The Parties**

1. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 1, and thus denies the same.

2. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 2, and thus denies the same.

3. Admitted.

4. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 4, and thus denies the same.

1

5. This paragraph is missing from the Complaint and thus no response is required.

## Jurisdiction and Venue

6. The allegations of paragraph 6 are legal arguments for which no response is required. To the extent a response is required, Tekky Toys admits that Plaintiffs assert an action of patent infringement.

## Facts

7. Denied.

8. Denied.

9. Denied.

10. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 10, and thus denies the same.

11. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 11, and thus denies the same.

12. Denied.

13. Admitted. Tekky Toys further states that no permission from Plaintiffs is needed, nor is any compensation due.

14. Denied.

15. Denied.

16. Denied.

17. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 17, and thus denies the same.

18. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 18, and thus denies the same.

19. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 19, and thus denies the same.

20. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 20, and thus denies the same.

21. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 21, and thus denies the same.

<u>**Count**</u>
<u>**Infringement of U.S. Patent No. 6,250,779**</u>

22. Tekky Toys incorporates by reference all responses set forth in paragraphs 1-21 of this Answer.

23. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 23, and thus denies the same.

24. Denied.

25. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 25, and thus denies the same.

26. Defendant Tekky Toys lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 26, and thus denies the same.

27. The allegations of paragraph 27 are legal argument for which no response is required. To the extent a response is required, Tekky Toys states that it denies that any alleged infringement was willful to the extent the allegations are permitted.

28. Denied.

29. Denied.

### Demand for Jury Trial

Defendant Tekky Toys demands a jury trial on all issues so triable.

### AFFIRMATIVE DEFENSES

Defendant Tekky Toys for its affirmative defenses states:

### First Affirmative Defense: Noninfringement

1. Tekky Toys has not willfully or otherwise infringed, directly or indirectly, any valid and enforceable claim of the '779 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

### Second Affirmative Defense: Invalidity

2. Every claim of the '779 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to, §§ 101, 102, 103, and 112.

### Third Affirmative Defense: Laches

3. Plaintiffs' claims for alleged infringement are barred or limited by the doctrine of laches.

### Fourth Affirmative Defense: Equitable Estoppel

4. Plaintiffs' claims for alleged infringement are barred or limited by the doctrine of equitable estoppel.

### Fifth Affirmative Defense: Unclean Hands

5. Plaintiffs' claims for alleged infringement are barred or limited by the doctrine of unclean hands and/or other equitable doctrines.

### Sixth Affirmative Defense: License and/or Acquiescence

6.	Plaintiffs' claims for alleged infringement are barred or limited by the doctrine of license and/or acquiescence.

### Seventh Affirmative Defense: Failure To State A Claim

7.	Plaintiffs' claims fail to state a claim for which relief can be granted.

## COUNTERCLAIMS

Defendant JCW Investments, Inc. d/b/a Tekky Toys ("Tekky Toys"), for its counterclaims against Plaintiffs Mystic Industries Corp. and John R. Martinez ("Plaintiffs") state:

1.	There is an actual controversy between Tekky Toys and Plaintiffs regarding non-infringement and validity of the '779 patent because Plaintiffs have asserted that Tekky Toys infringes the '779 patent.

### Parties

2.	Defendant Tekky Toys is an Illinois corporation with its principal place of business located at 11415 West 183rd Place, Suite E, Orland Park, Illinois.

3.	On information and belief, Plaintiff Mystic Industries Corp. (hereinafter "Mystic") is a Massachusetts Corporation with a principal place of business at 474 Main Street, Wakefield, Massachusetts.

4.	On information and belief, Plaintiff John R. Martinez is an individual residing at 28701 Mount Hood Court, Rancho Palos Verdes, California.

## Jurisdiction and Venue

5. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and also fall under this Court's supplemental and diversity jurisdiction.

6. The Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, and 1332.

7. Plaintiffs are subject to personal jurisdiction in this Court as evidenced by, inter alia, their consent to jurisdiction in this Court.

8. Venue for these counterclaims is proper in this Court under 28 U.S.C. §§ 1391 and 1400 and under the doctrine of pendent venue because these counterclaims are closely related to the claims set forth in the Complaint.

## First Counterclaim: Declaratory Judgment Noninfringement

9. Paragraphs 1 through 8 are incorporated by reference and made a part of this counterclaim.

10. Tekky Toys requests the Court to declare that Tekky Toys has not, willfully or otherwise infringed any valid and enforceable claim of the '779 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## Second Counterclaim: Declaratory Judgment Invalidity

11. Paragraphs 1 through 10 are incorporated by reference and made a part of this counterclaim.

12. Tekky Toys requests the Court to declare that each and every claim of the '779 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to, §§ 101, 102, 103, and 112.

### Third Counterclaim: Unfair and Deceptive Trade Practices

13. Paragraphs 1-12 above are incorporated by reference and made a part of this counterclaim.

14. Plaintiffs' aforesaid unlawful conduct is and has been committed primarily and substantially within the Commonwealth of Massachusetts. Plaintiffs are persons within the scope of Sections 2, 9 and 11 of M.G.L. Chapter 93A. Plaintiffs' aforesaid unlawful conduct constitutes a willful unfair and deceptive trade practice in violation of M.G.L. Chapter 93A, Sections 2, 9 and 11. Defendant is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but to be determined in the course of this action.

### Demand for Jury Trial

Defendant Tekky Toys demands a jury trial on all counterclaim issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Tekky Toys requests judgment as follows:

1. Dismissal of Plaintiffs' Complaint as to Tekky Toys with prejudice.

2. A declaration that the accused products do not literally or under the doctrine of equivalents infringe the '779 patent, either directly or indirectly.

3. A declaration that the '779 patent is invalid.

4. The award of its attorneys' fees, costs, and expenses pursuant to 35 U.S.C. §285.

5. An award of monetary damages proven at trial, including lost profits and other damages.

6. A doubling and/or trebling of Defendant's damages and an award to Defendant of its costs and attorneys' fees incurred in prosecuting and defending this action pursuant to M.G.L. Chapter 93A, Secs. 2, 9, 11.

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 14, 2011

Defendant JCW Investments, Inc.
d/b/a Tekky Toys

By: /s/ M. Lawrence Oliverio
M. Lawrence Oliverio, BBO #378,755
**RISSMAN HENDRICKS & OLIVERIO L.L.P.**
100 Cambridge Street, Suite 2101
Boston, MA 02114
Telephone: 617.933.4430
Facsimile:  617.367.4656
loliverio@rhoiplaw.com

Mark K. Suri
James D. Ryndak
Eric H. Weimers
**RYNDAK & SURI LLP**
200 West Madison St.
Suite 2100
Chicago, Illinois 60606
Phone: (312) 214-7770
Fax: (312) 214-7715
suri@ryndaksuri.com

ATTORNEYS FOR DEFENDANT
JCW INVESTMENTS, INC. D/B/A TEKKY TOYS

## **CERTIFICATE OF SERVICE**

The undersigned does, hereby certify that a true copy of the foregoing was filed through the ECF system and served on counsel for all appearing parties on even date herewith.

Dated:  December 14, 2011

/s/M. Lawrence Oliverio
M. Lawrence Oliverio
